Zachary Smith (State Bar No. 78241)
Charles L. Post (State Bar No. 160443)
Wendy M. Thomas (State Bar No. 268695)
**weintraub** genshlea chediak
a law corporation
400 Capitol Mall, 11th Floor
Sacramento, CA  95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDEPENDENT TRAINING AND APPRENTICESHIP PROGRAM, a California corporation, BRANDIN MOYER, and HAROLD E. NUTTER, INC., a California Corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF INDUSTRIAL RELATIONS, an agency of the State of California, by and through CHRISTINE BAKER, in her official capacity as Acting Director of the CALIFORNIA DEPARTMENT OF INDUSTRIAL RELATIONS,  DIVISION OF APPRENTICESHIP STANDARDS, by and through GLEN FORMAN, in his official capacity as Acting Chief, DIVISION OF LABOR STANDARDS ENFORCEMENT, by and through JULIE SU, in her official capacity as Labor Commissioner,<br><br>    Defendants. | Case No.: **2:11−CV−01047−GEB −DAD**<br><br>**STIPULATION AND [PROPOSED] ORDER FOR ENTRY OF FINAL JUDGMENT**<br><br><br>Complaint Filed  - April 18, 2011 |

WHEREAS, plaintiffs Independent Training and Apprenticeship Program, a California Corporation, Brandin Moyer, and Harold E. Nutter, Inc., a California Corporation (collectively, "Plaintiffs") filed their complaint in this action on April 18, 2011 and Defendants California Department of Industrial Relations, by and through Christine Baker, in her official capacity as

Acting Director of the California Industrial Relations ("CDIR"), Division of Apprenticeship Standards, by and through Glen Forman, in his official capacity as Acting Chief, Division of Apprenticeship Standards ("DAS"), and Division of Labor Standards Enforcement, by and through Julie Su, in her official capacity as Labor Commissioner ("DLSE") (collectively, "Defendants") have appeared in this action through their respective attorneys.

WHEREAS, Plaintiffs complaint sought: 1) a declaration that Defendants' enforcement of California Labor Code section 3075(b) in combination with California's prevailing wage law, California Labor Code section 1775.5 (to the extent that Defendants purport to require public works contractors to pay journeyman's prevailing wage rates to apprentices participating in apprenticeship programs certified by the U.S. Department of Labor but not approved or certified by DAS) is unauthorized, invalid, unlawful and unenforceable as such actions violate the Fitzgerald Act, the Civil Rights Act, and/or the U.S. Constitution; and 2) a preliminary injunction enjoining Defendants and their agents, employees, attorneys, representatives as well as all those persons acting in active concert or participation with them:

(a) From refusing to recognize and comply with the United State Department of Labor Administrative Review Board's "Final Decision and Order" of January 31, 2007 and the U.S. Department of Labor's March 2, 2007 public notice, pursuant to 29 CFR 29.13(d), that "[T]he CDIR and the CAC no longer have authority to register or oversee apprenticeship programs for 'Federal purposes';" (72 F.R. 9590)

(b) From enforcing California Code of Regulations Section 16001 with respect to projects involving "any Federal financial or other assistance, benefit, privilege, contribution, allowance, exemption, preference or right pertaining to apprenticeship;"

(c) From enforcing California Labor Code Section 1777.5 with respect to apprentices from federally approved apprenticeship training programs working on public works projects with a Federal purpose;

(d) From refusing to enforce 29 CFR Part 29 with respect to what constitutes a "Federal purpose;"

(e) From refusing to acknowledge that Plaintiff I-TAP is an approved

apprenticeship program for all public works projects with a "Federal purpose" in California;

    (f) From refusing to allow contractors to pay Plaintiff I-TAP's apprentices at apprentice prevailing wage rates rather than journeyman prevailing wage rates on public works projects in California with any Federal purpose;

    (g) From refusing to allow Plaintiff I-TAP to receive fringe training contributions as an approved program on such projects.

  Further, Plaintiffs sought an order by preliminary Injunction:

    (a) Directing Defendants to recognize Brandin Moyer and all other similarly situated electrical tradesmen enrolled in federally certified apprenticeship programs as "apprentices" entitled to all of the "assistance, benefits, privileges, contributions, allowances, exemptions, preferences and/or rights pertaining to apprenticeship" (29 C.F.R. § 29.2) on public works project in California that are accorded to "apprentices" in apprenticeship programs certified by DAS pursuant to the provisions of the California Labor Code;

    (b) Directing Defendants to rescind the Civil Wage and Penalty Assessment issued in Case No. 40-26553/254 as against Plaintiff Harold E. Nutter, Inc.; and

    (c) Directing Defendants to refrain from purporting to enforce any penalties, assessments or sanctions against Plaintiff Harold E. Nutter, Inc. or any other contractor on the grounds that apprentices participating in I-TAP's apprenticeship training program or any other federally certified program do not qualify for payment of apprentice prevailing wage rates pursuant to California Labor Code §1777.5.

  WHEREAS, Plaintiffs filed a motion for preliminary injunction and Defendants opposed the motion;

  WHEREAS, following the submission of briefs and evidence by the parties and oral argument on July 18, 2011, the Honorable Garland E. Burrell, Jr. of the United States District Court, issued an order denying Plaintiffs' motion for preliminary injunction;

  WHEREAS, the issue at trial of whether Defendants' actions, policies and conduct pursuant to California Labor Code sections 3075(b), and other California prevailing wage laws including California Labor Code section 1775.5 are unauthorized, invalid, unlawful and

unenforceable as such actions violate the Fitzgerald Act, the Civil Rights Act and/or the U.S. Constitution is identical to the issue set forth in Plaintiffs' motion for preliminary injunction and Defendants' opposition thereto;

WHEREAS, the parties wish to preserve scarce resources and to obtain a final judgment of all causes of action before the District Court so that they may present their claims to the Court of Appeals; and

WHEREAS, on September 13, 2011, Plaintiffs filed a Notice of Appeal to appeal the District Court's August 15, 2011 order denying preliminary injunction, but the parties now wish to obtain a final judgment and Plaintiffs wish to file an appeal of the final judgment.

PLAINTIFFS AND DEFENDANTS, BY AND THROUGH THEIR RESPECTIVE ATTORNEYS, NOW STIPULATE AND AGREE AS FOLLOWS:

Pursuant to Federal Rules of Civil Procedure, Rule 65(a)(2) the Court may order the trial of the action on the merits to be consolidated with the hearing of the application for a preliminary injunction. The Court may enter judgment as to Plaintiffs complaint against Defendants, in favor of Defendants. The Court may adopt its findings of fact and conclusions of law contained in its August 15, 2011 order denying preliminary injunction, as supplemented herein as the final Findings of Fact and Conclusions of Law in this matter. To the extent that any of the Findings of Fact are deemed to be Conclusions of Law, or any of the Conclusions of Law are deemed to be Findings of Fact, the same shall be deemed to be Conclusions of Law or Findings of Fact, as the case may be.

### [PROPOSED] FINDINGS OF FACT/CONCLUSIONS OF LAW

The Court incorporates all Findings of Fact and Conclusions of Law in its Order of August 15, 2011, and supplements that Order as follows:

1. Plaintiff Independent Training and Apprenticeship Program ("I-TAP"), a California Corporation, is a multi-discipline training program offering apprenticeship training in the electrical trades with its principal place of business in Sacramento, California. (See Complaint, ¶2.)

2. Plaintiff Brandin Moyer ("Moyer") is an electrical worker who has received classroom instruction and on the job training while enrolled in I-TAP's apprenticeship training

1   program as an employee of Gray Electric Co.  (See Complaint, ¶3.)

2      3. Plaintiff Harold E. Nutter, Inc. ("Nutter") is an electrical contractor duly incorporated in California who employs federally certified and qualified apprentices and journeyman electrical workers such as those trained by I-TAP.  (See Complaint, ¶4.)

   4. Christine Baker is the Acting Director of the CDIR and is responsible for enforcing California laws regarding certification of apprenticeship programs and determination of the general prevailing wage rate for each craft, classification or type of worker needed to execute public works contracts. (See Complaint, ¶6.)

   5. Glen Forman is the Acting Chief of the CDIR charged with the responsibility for enforcing standards for wages, hours and working conditions of apprentices in California and for administering and/or coordinating through CDIR's Division of Apprenticeship Standards ("DAS").  (See Complaint, ¶7.)

   6. Julie Su is the California Labor Commissioner and is charged with the responsibility for enforcing, *inter alia*, compliance with California "prevailing wage" laws including the application of such laws to certified apprentices pursuant to California Labor Code section 1770, 1771, 1773 through CDIR's Division of Labor Standards Enforcement ("DLSE"). (See Complaint, ¶8.)

   7. The following Federal Statutes, Regulations, Administrative Actions and California laws are at issue in this case:

    a. The Fitzgerald Act (29 U.S.C. §50) was enacted for the purposes of protecting apprentices through the establishment of minimum labor standards and promotion of apprenticeship as a system of training skilled workers, and encouragement of the federal government to cooperate with state agencies in formulating apprenticeship standards.  *Joint Apprenticeship Training Counsel Local 363, International Board of Teamsters, AFL-CIO v. New York State Department of Labor*, 984 F.2d 589, 591 (2nd Cir. 1993).  Pursuant to the Fitzgerald Act, the Department of Labor promulgated regulations (29 C.F.R. Part 29) to establish for federal purposes, labor standards policies and procedures for the registration, cancellation and deregistration of apprenticeship programs and apprenticeship agreements.

b.  29 C.F.R. Part 29 provides for "a dual system of approval and recognition so that either [OATEL's] or the State Apprenticeship Council can approve an apprenticeship program for federal purposes[; h]owever, either agency is constrained in its approval to apply the requirements and standards of the federal regulations."  *Electrical Joint Apprenticeship Commission v. McDonald*, 949 F.2d 270, 273 (9th Cir. 1991).

c.  "To be approved as a [State Apprenticeship Council ("SAC")], a state must submit proof of[, *inter alia*,] acceptable apprenticeship laws and regulations; ... a description of the standards, criteria,and requirements for program registration and/or approval; and a description of the policies and operating procedures which depart from or impose requirements in addition to those in the federal regulations."  *S. Cal. Chapter of Assoc. Builders & Contractors, Inc., Joint Apprenticeship Comm. v. Cal. Apprenticeship Council*, 4 Cal. 4th 422, 433 (1992) (internal citations omitted). "If a state does not continue to meet the federal requirements, it may be 'derecognized.'" *Id.* (citing 29 C.F.R. § 29.13 (1992).)

d.  "In California, apprenticeship training is governed by the Shelley–Maloney Apprenticeship Labor Standards Act of 1939 [("Shelley–Maloney Act")], which is codified as California Labor Code section 3070 *et seq.*" *S. Cal. Chapter of Assoc. Builders & Contractors, Inc., Joint Apprenticeship Comm.*, 4 Cal. 4th at 433. "Pursuant to the Shelley–Maloney Act, apprenticeship training is administered by the Division [of Apprenticeship Standards ("DAS")], which is under the auspices of the Department of Industrial Relations [("DIR")](hereafter Department)." *Id.* (citation omitted). "The Chief of the [DAS] ... administers the apprenticeship law . . . and is empowered to investigate and either approve or disapprove written standards for apprenticeship programs." *Id.* (citations omitted).

e.  California was "authorized under 29 C.F.R. § 29.12 to approve apprenticeship programs for federal purposes as a SAC state [in] 1978." *Cal. Div. Of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 320 (1997). However, after California amended its apprenticeship law – California Labor Code § 3075 – in 1999, OATELS "began proceedings to derecognize" California as a SAC state "contending that the amended apprenticeship statute did not conform to federal standards." Cal. Dept. of Indus.

Relations, Adm. Rev. Bd. Case No. 05- 093, 2007 WL 352459 (Dep't of Labor Jan. 31, 2007) (final decision and order). The United States Department of Labor's Administrative Review Board ultimately withdrew California's recognition as a SAC state on January 31, 2007. Cal. Dept. of Indus. Relations, 72 Fed. Reg. 9590-01 (Dep't of Labor Mar. 2, 2007) (notice). Therefore, California "no longer has the authority to register or oversee apprenticeship programs for 'Federal purposes.'" *Id.*

    f.    Plaintiffs' motion concerns the enforcement of California apprenticeship and prevailing wage laws on the following three public works projects: (1) the Chicago Park Elementary School Multi-purpose/Gymnasium Expansion & Four New Relocatable Classroom Buildings Project in Nevada County, ("Chicago Park Project"); (2) the Marysville High School Alternative Education Center Project in Yuba County, ("Marysville High Project"); and (3) Williams-Brotherhood Joint Use Gym in Stockton, California ("Stockton Project"). The "Chicago Park Project" is a multi-purpose gymnasium and classroom expansion project. (Pls.' Compendium of Evidence in Supp. of Mot. for Prelim. Inj., Decl. of Michael Genest ¶ 3, ECF No. 6-2 ("Genest Decl.").)

    g.    The Treasurer of the State of California used a portion of the proceeds from the sale of "Build America Bonds," which occurred in April 2009 and May 2010, to fund a portion of the Stockton Project and the Chicago Park Project. (Genest Decl. ¶¶ 10a, 10c.) "Build America Bonds" are a new form of municipal bond which are subject to federal taxes. *Id.* ¶ 8. However, the U.S. Treasury pays a subsidy to the municipal lender to cover the differential costs associated with the taxable nature of the bond. *Id.* The Treasurer of the State of California funded the Marysville High Project with funds received from the sale of municipal bonds, which are usually exempt from federal taxation. *Id.* ¶¶ 5, 10b. Plaintiffs argue that the referenced financing for the state projects causes the projects to be projects for a "federal purpose" under the Fitzgerald Act and its implementing regulations, because of the referenced federal tax incentives involved with funding the projects. (Pls. Mot. for Prelim. Inj. at 21-24.)

    8.    Plaintiffs contend that:

    a.    The public works projects at issue in this case have a "federal purpose"

under the Fitzgerald Act because: (a) the Chicago Park and Stockton Joint Use projects benefit from a direct federal subsidy; (b) the Marysville High School project benefits from a federal subsidy; and (c) all the projects involve "arrangements," "preferences and rights," "pertaining to" and "dealing with" apprenticeship;

   b. The U.S. Department of Labor's "derecognition" of California as a SAC, strips California labor regulatory officials of the authority to regulate apprenticeship for any "federal purpose" including the ability to determine: (a) whether federally certified apprentices qualify for employment at apprentice prevailing wage rates; and (b) whether any particular public works project is one involving a federal purpose; and

   c. Defendants' conduct offends basic constitutional protections and impermissibly burdens interstate commerce.

  9. Defendants contend that:

   a. The Fitzgerald Act and the regulations promulgated under it do not preempt and are not at odds with California's long standing system of apprenticeship regulation;

   b. The public works projects at issue in this case do not have a "federal purpose" as defined by the Fitzgerald Act and the regulations promulgated pursuant to it;

   c. That no private right of action exists under the Fitzgerald Act;

   d. That regulation of apprenticeship is consistent with Fitzgerald Act regulations;

   e. That their conduct offends no federal constitution principle or protection;

   f. The Court should abstain from adjudicating this claim; and

   g. The injunction sought is vague and impermissibly overboard.

  10. As to that portion of the injunctive relief sought by plaintiff which seeks to enjoin defendants from enforcing California apprenticeship and prevailing wage laws on any public works project that has a "federal purpose," the Court questions whether Plaintiffs have standing to assert that claim and/or whether the question framed by that request is ripe. As a result of the conjectural nature of this portion of the relief sought, the court limits its adjudication of the case to that portion of plaintiffs' declaratory relief and injunctive relief claim that relate to the specific

1  public works projects at issue in this case.

2    11. The Court has jurisdiction under 28 U.S.C. §1331.

3    12. Venue is proper in this district.

4    13. Plaintiffs' supremacy clause claim fails because: (a) the federal tax benefits underlying the public works projects at issue in this case do not constitute a "Federal purpose" under 29 C.F.R §29.2.

  14. Plaintiffs' construction of "federal purpose in section 29.2 reads the words "federal" and "pertaining to apprentieship" into thin air.  This interpretation is contrary to the court's duty to interpret regulation to "give effect if possible to every clause and word" of the regulation.

  15. Plaintiffs' reliance on two opinion letters written by the administrator of OATELS is misplaced.  Even assuming that these opinion letters supported plaintiffs' argument that "federal purpose" is defined broadly enough to include a federal financial benefit as tangential as a tax exemption or tax subsidy provided to a municipal lender, the interpretation expressed in the opinion letters is not entitled to deference by this Court.  Instead, these opinion letters are entitled to the respect of the Court only to the extent that the interpretations of the administrative agency expressed in such opinion letter have the "power to persuade."  The opinion letters at issue render the terms "federal" and "pertaining to apprenticeship" in section 29.2 mere surplusage.  Even assuming arguendo that the opinion letters can be interpreted as broadly as plaintiffs argue, that interpretation would be unpersuasive and would not be entitled to respect.

  16. Defendants' enforcement of California's apprenticeship and prevailing wage laws on the three referenced public works projects has no relationship to the flow of articles of interstate commerce.

  17. Federal apprenticeship programs and California apprenticeship programs are not, based on the evidence submitted to this Court, similarly situated for purposes of an equal protection claim under the U.S. Constitution.

  18. Plaintiffs fail to demonstrate that any fundamental right or liberty interest is implicated by the facts alleged and asserted in this case.

19. Plaintiffs have not adequately alleged a claim of discrimination on the basis of out of state residency necessary to assert a claim under the privileges and immunities clause.

Plaintiffs and Defendants ask that the Court approve this stipulation and enter Judgment. Plaintiffs reserve their right to appeal on all the contentions raised in their request for declaratory and injunctive relief. This Stipulation and Judgment shall not constitute evidence or an admission by any party. The Court defers any order on costs and attorneys' fees pending resolution of the appeal of this Judgment.

IT IS SO STIPULATED.

Dated: October 24, 2011                    WEINTRAUB GENSHLEA CHEDIAK

                BY:    /s/ - Charles L. Post
                    CHARLES L. POST, ESQ.
                    Attorney for Plaintiffs

Dated: October 24, 2011                    CALIFORNIA DEPARTMENT OF
                    INDUSTRIAL RELATIONS
                    OFFICE OF DIRECTOR-LEGAL

                BY:    /s/ - Fred Lonsdale
                    FRED LONSDALE, ESQ.
                    Attorney for Defendants

IT IS SO ORDERED and the Clerk is directed to enter judgment in favor of Defendants pursuant to the above stipulation.

**Date: 10/28/2011**

_____
GARLAND E. BURRELL, JR.
United States District Judge